IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BERKEL & COMPANY CONTRACTORS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. G-05-589 |
| CONOCOPHILLIPS COMPANY, | § § § | |
| Defendant. | § § | |

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This case arises out of a dispute over work performed pursuant to a contract between Plaintiff Berkel & Company Contractors, Inc. ("Berkel") and Defendant ConocoPhillips Company ("Conoco"). The work was performed at Conoco's refinery in Old Ocean, Brazoria County, Texas. Now before the Court is Berkel's Motion for Partial Summary Judgment and Conoco's Cross-Motion for Summary Judgment. For the reasons stated below, Berkel's Motion for Partial Summary Judgment is **DENIED**, and Conoco's Cross-Motion for Summary Judgment is **DENIED**. [1]

**I. Background**

On March 17, 2005, Berkel and Conoco entered into a contract for services.[2] Berkel was

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

[2] Berkel is a Kansas corporation with its principal place of business in Bonner Springs, Kansas. Conoco is a Delaware corporation with a principal place of business in Houston, Texas. The amount in controversy is well over $75,000.

hired to install auger case-in-piles at Conoco's refinery in Old Ocean, Texas. Under the contract, Berkel was to drill holes for the piles according to the specific locations marked on the "specifications and drawings" diagram attached to the contract.

On April 26, 2005, Berkel completed its work under the contract and obtained permission to park its crane (used to install the auger case-in-piles) on the premises of the refinery. Specifically, the crane was stored in the Coker Unit Parking Lot. On the following Monday, May 2, 2005, Berkel returned to the worksite and began to dismantle the crane. Berkel had a hot work permit to work on the crane, but it did not have an excavation permit to dig, even though the process of dismantling the crane required Berkel to dig a hole 15 feet in depth to anchor the crane. In the course of digging the hole, Berkel struck an underground power cable, which resulted in a loss of power to part of the refinery and substantial damages to Conoco.

Berkel originally brought suit against Conoco for unpaid invoices. Conoco then filed counterclaims for negligence, breach of contract, and trespass. On May 31, 2006, Berkel moved for partial summary judgment on the portion of Conoco's counterclaims that seek to recover consequential damages. On June 19, 2006, Conoco responded, and moved for summary judgment on its counterclaim for trespass. For the following reasons, the Court finds that both motions must be respectfully **DENIED**.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its

motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most favorable to the non-movant. *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003). If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

**III. Analysis**

    **A. Berkel's Motion for Partial Summary Judgment on the Consequential Damages Clause**

In diversity cases, such as this one, state law governs the interpretation of the contract. *See Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1095 (5th Cir. 1995). The Court and the Parties agree that Texas law governs the interpretation of the contract between them. In construing the contract, the Court examines the contract as a whole in an attempt to effectuate the written articulation of the Parties' intent. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). If the contract provision at issue can be given a "certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Id.* "The mere disagreement of the parties upon the meanings of contract terms will not transform the issue of law into an issue of fact." *D.E.W., Inc. v. Local 93, Laborers' Nat'l Union of N. Am.*, 957 F.2d 196, 199 (5th Cir. 1992).

The contract between the Parties contains the following consequential damages clause:

> **Consequential Damages**.  Neither party shall be liable to the other for special, indirect, or consequential damages resulting from or arising out of this Agreement including, without limitation, loss of profit or business interruptions, however same may be caused.

The Court finds that the clause is unambiguous; however, it only applies to damages "resulting from or arising out of this Agreement." The Parties vigorously dispute whether Berkel's conduct arose out of the contract or was "extra-contractual." Conoco claims that Berkel's conduct in drilling the hole without authorization was extra-contractual, that it fell outside the scope of the agreement, and thus outside the protection of the consequential damages clause. Berkel arugues that the unauthorized drilling arose out of the contract because under the contract, Berkel was required to dismantle its equipment. The central question to this dispute then, is whether Berkel's conduct constituted a tort or a breach of the contract, and to determine the applicability of the consequential damages clause, the Court must wade into the "muddy" waters of "contorts." *See Cass v. Stephens*, 156 S.W.3d 38, 68 (Tex. App.—El Paso 2004, pet. filed).

As incredible as it might seem to the average citizen, "[i]n a confusing and complex 'contort' scenario, Texas case law sometimes recognizes tortious liability for [the] negligent performance of contracts." *Riley v. Champion Int'l Corp*, 973 F. Supp. 634, 643 (E.D. Tex. 1997) (citations omitted) (reviewing the history of controrts doctrine in Texas). The Eighth Court of Appeals of Texas has summarized the status of contorts in Texas, stating that:

> The law of "contorts" is a muddy area, devoid of bright line rules or easy answers as to what conduct constitutes a tort, and what a breach of contract. The acts of a party may breach duties in tort or contract alone, or simultaneously in both. The Texas Supreme Court has observed that it is the nature of the injury which is most helpful in determining which duty or duties are breached. When the injury is only economic loss to the subject of a contract itself, the action sounds in contract alone. Contract obligations arise from a specific agreement between the parties. Tort obligations, in contrast, are those that are imposed by law—apart from and independent of promises

made.

*Cass*, 156 S.W.3d at 68 (internal citations comitted).  The contort inquiry then is a two-step process: (1) whether the conduct violated duties imposed by the contract or by law, and (2) an examination of the nature of the loss, i.e., whether the loss or damages go to the subject matter of the contract. *See Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).  In making such determinations, the Court "must look to the substance of the cause of action and not necessarily the manner in which it was plead." *Id.* (citing *Int'l Printing Pressmen and Ass't Union v. Smith*, 198 S.W.2d 729 (Tex. 1946)).

Here, Berkel's alleged conduct breached an obligation in law, independent of the promises it made to Conoco under the contract.  Despite receiving instructions that it was never to drill without first obtaining an excavation permit, Berkel proceeded to drill a 15 foot hole in the middle of a refinery parking lot.  Berkel had an obligation to use reasonable care in dismantling its equipment, and the facts indicate that it failed to do so.  Additionally, the nature of Conoco's loss does not go to the subject matter of the contract between the Parties.  Conoco alleges that its real property suffered damages and required repair, and that the Coker Unit was without full power for approximately four days and was unable to run at full capacity.  These damages have no relationship with the contract between the Parties, and the contract does not govern Conoco's counterclaims. As such, the consequential damages provision also does not apply to Conoco's counterclaims.  If Conoco prevails in its negligence claim, it has the right to be made whole and to obtain all damages reasonably and proximately caused by Berkel's negligence.

Accordingly, the Court finds that Conoco's claim against Berkel sounds in negligence.

Berkel violated duties imposed by law, and Conoco's loss did not arise from the contract. Furthermore, since the conduct giving rise to this lawsuit did not arise under the contract, the consequential damages provision does not apply to Conoco's counterclaim for negligence, and Berkel's Motion for Summary Judgment is **DENIED**.[3]

### B. Conoco's Cross-Motion for Partial Summary Judgment on Trespass Counterclaim

Conoco also moved for summary judgment on the ground that the evidence indisputably demonstrates that by digging the 15 foot hole Berkel committed trespass. The Court respectfully disagrees.

For its argument, Conoco relies exclusively upon the Restatement (Second) of Torts, which provides that "[a] conditional or restricted consent to enter land creates a privilege to do so only insofar as the condition or restriction is complied with." Restatement (Second) of Torts § 168 (1965). The Restatement also provides an illustration of this principal, which reads as follows:

> A grants to B, a contractor, a license to store his trucks in A's barn. B not only stores his trucks in A's barn, but also makes extensive repairs on such trucks while they are in the barn. While using an acetylene torch in repairing a truck, B sets fire to and burns down the barn. B is a trespasser.

Restatement (Second) of Torts § 168, illus. 6 (1965). In the illustration, "B" makes a different use of the barn than originally intended. That is not the case here. Berkel had a hot work permit to dismantle the crane. They did so in an allegedly negligent manner. If in the illustration, "B" had stored his trucks in the barn in a negligent manner, then the illustration would be analogous to the current circumstance. However, it is not analogous and is not controlling. Conoco offers no other persuasive authority to show why its theory of trespass should be upheld.

---

[3]This Order does not affect Conoco's breach of contract claim, which remains.

Again, the Court notes that Conoco's cause of action against Berkel sounds in negligence, not trespass. Berkel had permission to be on Conoco's property, and it had permission to dismantle the crane on that property. That it may have done so in an imprudent, unreasonable, and negligent manner does not constitute a trespass under the law, and Conoco has offered nothing to convince the Court otherwise.[4] Therefore, Conoco's Cross-Motion for Summary Judgment on its trespass claim is **DENIED**, and its claim for trespass is **DISMISSED WITH PREJUDICE**.[5]

### C. Motion to Strike Tracy Brettmann's Affidavit

In its Cross-Motion for Summary Judgment, Conoco objected to the Affidavit of Tracy Brettmann, attached to Berkel's Motion for Summary Judgment as Exhibit C, on several grounds. The Affidavit of Mr. Brettman has no bearing on the outcome of the Parties' Motions or the Court's analysis thereof, and therefore, the Motion to Strike Mr. Brettman's Affidavit is **DENIED AS MOOT**.

## IV. Conclusion

For the reasons outlined above, Berkel's Motion for Summary Judgment is **DENIED**, Conoco's Cross-Motion for Summary Judgment is **DENIED**, and Conoco's claims for trespass is **DISMISSED WITH PREJUDICE**. Conoco's Motion to Strike the Affidavit of Tracy Brettmann is **DENIED AS MOOT**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date. A Final Judgment as to this and all other claims will be issued in due course.

---

[4] At this time the Court makes no finding as to Berkel's actual liability.

[5] At the end of its Brief in Support of its Motion, Conoco also claims that it is entitled to a set-off. The Court finds that that determination is not appropriate for summary adjudication at this time.

**IT IS SO ORDERED.**

**DONE** this 17th day of July, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge